herein. He recalled that the wood charcoal briquettes in the cited case were used as a fuel for charcoal cooking food and stated that the use of the present merchandise was primarily for cooking.

The witness was questioned in regard to so-called extenders which he explained as a starch, a type of earthy substance, or clay, that would either slow the burning or make the briquette burn in another fashion. He believed that charcoal briquettes are used in more than just cooking; that they are used in hibachis for heating; and that a starch additive would perhaps slow the burning and would be something that would be desired. He did not know the composition of the present merchandise but stated that a wood charcoal which is used primarily for cooking would not contain a lot of starch if the starch gave a flavor to the food.

During the course of the trial, counsel for the plaintiffs moved to incorporate the record in *Britton & Company* v. *United States, supra.* Decision on this motion was reserved.

The merchandise in the *Britton* case consisted of ground charcoal, containing approximately 9 percent starch as a binder, pressed into briquette form. It was made in Mexico by crushing charcoal into powder, which was put in a mixer, with starch and water added. The mixture was forced through a pelletiser and came out in a long tubular piece which was cut into the size desired. The evidence established that the merchandise was used for producing heat for charcoal cooking and for no other purpose. The starch was added to act as a binder, but otherwise its use was detrimental since it produced an odor.

In the course of the opinion, we cited a number of cases where it was held that charcoal in powdered or briquette form did not fall within the charcoal paragraph. *Marrash Bros.* v. *United States*, 29 Treas. Dec. 564, T.D. 35917; *Marshall Field & Co.* v. *United States*, 50 Treas. Dec. 688, Abstract 758; *John C. Minor* v. *United States*, 56 Treas. Dec. 884, Abstract 10081; *C. R. Ruegger, Inc.* v. *United States*, 54 Treas. Dec. 602, Abstract 6854. In those cases, there was evidence that the additives changed the character of the merchandise. In the *Britton* case, we held that the merchandise was a form of wood charcoal on the ground that the grinding of the charcoal and forming it into briquettes with the use of starch as a binder did not effect so significant a change in its physical characteristics or use as to indicate that it had become something more than wood charcoal.

In the instant case, the record establishes no more than that the merchandise had the physical appearance of charcoal briquettes and that it was used primarily for cooking. There is nothing to show whether the merchandise consisted wholly or primarily of wood charcoal; whether it contained other ingredients, and, if so, what their functions were. The evidence fails to establish that this merchandise was similar in all material respects to the merchandise in the *Britton* case. The motion to incorporate the record in that case is denied.

It is presumed that the collector has considered the pertinent facts regarding the merchandise; therefore, it is necessary for the importer to prove not only that the collector's classification was erroneous, but that the classification contended for is correct. *United States* v. *Ameris Trading Co.*, 41 C.C.P.A. (Customs) 151, C.A.D. 542. The importer has not met that burden in the instant case. The protest is overruled and judgment will be rendered for the defendant.

BEFORE THE THIRD DIVISION, FEBRUARY 18, 1960

No. 63823.—Morrison Co. of N.Y., Ltd., et al. v. United States, protests 754295–G, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. O. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

No. 63824.—William H. Masson, Inc. *v.* United States, protest 803612–G (Baltimore).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. O. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63825.—H. P. Lambert Company *v.* United States, protest 806347–G (Boston).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. O. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiff was sustained.

No. 63826.—Price Bros. and Price Bros., Inc. *v.* United States, protests 957322–G and 960888–G (Boston).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. O. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C.D. 1155), the claim of the plaintiffs was sustained.

No. 63827.—J. & J. Distributing Co. et al. *v.* United States, protests 972693–G, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *R. O. Williams & Co., Inc.* (40 C.C.P.A. 130, C.A.D. 508), and